# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE ANDREWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV01020 ERW |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition will be summarily dismissed for failure to exhaust state remedies.

Petitioner was charged with first degree assault and armed criminal action. Petitioner was adjudicated not guilty by reason of insanity on June 24, 2009. Petitioner filed a direct appeal, and his appeal was dismissed on February 18, 2010. Petitioner filed a motion for transfer to the Missouri Supreme Court, and said motion was denied on April 20, 2010. Plaintiff has not filed any other proceedings in the State of Missouri regarding his confinement.

Rule 4 of the Rules Governing § 2254 Cases states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

"As a prerequisite for federal habeas review, a petitioner must exhaust state remedies . . ." Frederickson v. Wood, 87 F.3d 244, 245 (8th Cir. 1996). "To satisfy the exhaustion requirement, a person confined in [a Department of Mental Health facility] must apply for release under [Mo. Rev. Stat. §] 552.040 before filing a petition for a writ of habeas corpus." Kolocotronis v. Holcomb, 925 F.2d 278, 279 (8th Cir. 1991). "Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals, and if unsuccessful there, apply for transfer to the Missouri Supreme Court." Id. Under § 552.040, the committed person may seek release from confinement in the court that committed him. Mo. Rev. Stat. § 552.040.5. The committed person then bears the burden of proving by clear and convincing evidence that he "does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering the person dangerous to the safety of himself or others." Mo. Rev. Stat. § 552.040.7(6).

Petitioner has not applied for release under § 552.040. As a result, petitioner has not exhausted his available state remedies, and the Court may not grant relief on the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to exhaust state remedies.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 18th day of June, 2010.

                                                                          E. RICHARD WEBBER
                                                                          UNITED STATES DISTRICT JUDGE