UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE ANDREWS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:10 CV 1020 ERW / DDN |
| STATE OF MISSOURI,[1] | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Dwayne Andrews for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner has also moved for summary judgment (Docs. 19, 23) and filed a petition for a writ of mandamus (Doc. 24.) The matter was assigned to the undersigned United States Magistrate Judge for review and a recommended disposition under 28 U.S.C. § 636(b). For the reasons set forth below, the undersigned recommends that the petition for a writ of habeas corpus be denied.

**I. BACKGROUND**

Petitioner Dwayne Andrews is confined at the St. Louis Psychiatric Rehabilitation Center, which is part of the Missouri Department of Mental Health. (Doc. 1; Doc. 6 at 7, 8.) In 2003, petitioner pleaded not guilty by reason of mental disease or defect to two counts of armed criminal action and one count of first degree assault of a law enforcement officer. (Doc. 6 at 16, ¶ 8.) On June 1, 2005, the Circuit Court of the City of St. Louis accepted petitioner's plea and committed him to the custody of the Missouri Department of Mental Health. (Id. at

---

[1]In its response to the court's Order to Show Cause, respondent states that petitioner's custodian is Curtis Trager, Chief Operating Officer of the St. Louis Psychiatric and Rehabilitation Center. (Doc. 15 at 1.) As petitioner's custodian, Curtis Trager is the proper named-respondent in this habeas action. 28 U.S.C. § 2242; Rule 2, Rules Governing § 2254 Cases.

7, 8.) On November 24, 2008, petitioner filed a motion for unconditional release from the Missouri Department of Health. (Id. at 9.) After holding an evidentiary hearing on June 4, 2009, the circuit court denied his amended motion for unconditional or conditional release on June 24, 2009. (Id. at 14-42.)

On July 9, 2009, petitioner appealed the denial of his motion for unconditional or conditional release. (Id. at 10-13, 43.) On December 10, 2009, the Missouri Court of Appeals dismissed petitioner's appeal. (Id. at 44.) On April 20, 2010, petitioner's application to transfer to the Missouri Supreme Court was denied. (Doc. 1-1 at 5-8; Doc. 6 at 47.)

## II. PETITIONER'S GROUNDS FOR HABEAS RELIEF

Petitioner claims two grounds for relief in this habeas action:

(1) The Missouri Department of Mental Health did not prove that he suffers from a mental disease.

(2) The circuit court erroneously denied his motion for unconditional release by failing to find that he presently suffers from a mental illness and that his mental illness makes him dangerous.

(Doc. 1 at 5, 6.)

Respondent argues that petitioner's claims are procedurally barred and are otherwise without merit. (Doc. 15.)

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) states that habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

A state court's decision is contrary to clearly established law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or ... decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 130 S. Ct. 1171, 1174 (2010)(per curiam) (citation omitted). This standard is "difficult to meet" because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted). A state court's decision involves an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 130 S. Ct. at 1174.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 130 S. Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 130 S. Ct. at 845.

## V. DISCUSSION

**Procedural Bar**

In Grounds 1 and 2, petitioner challenges the circuit court's findings that he suffers from a mental disease and that his mental disease renders him dangerous to himself or others. (Doc. 1 at 6-7.) Respondent argues that petitioner's claims are procedurally barred because petitioner failed to comply with the required appellate court procedures to obtain substantive review on direct appeal.

The doctrine of procedural bar dictates that a federal habeas court cannot review a claim that the state trial and appellate courts did not address because the petitioner failed to meet the reasonable procedural requirements of the state for presenting the claim. Lee v. Kemna, 534 U.S. 362, 375 (2002). Petitioner must present the state courts with the same claim he later urges upon the federal court. Picard v. Connor, 404

U.S. 270, 276 (1971). Failure to properly raise a claim in the state courts erects a procedural bar to relief in federal court. Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986).

Following the circuit court's denial of his amended motion for unconditional or conditional release, petitioner timely appealed to the Missouri Court of Appeals. (Doc. 6 at 10.) However, petitioner's appeal was dismissed due to his failure to file the record on appeal. (Id. at 43, 44.) Thus, petitioner failed to properly present his claims to the state courts. Lovell v. Norris, 198 F.3d 674, 677 (8th Cir. 1999).

A petitioner may avoid the procedural bar by demonstrating either that there is a legally sufficient cause for the default and actual prejudice resulting from it, or that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to his case impeded his efforts to comply with the state procedural requirements. Id. at 750-52. A fundamental miscarriage of justice can be demonstrated only if petitioner shows that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96.

Petitioner argues that his direct appeal was dismissed for failure to file a certified record on appeal. See Mo. Sup. Ct. R. 30.04(f), 81.18. He argues that the Missouri Court of Appeals sustained his motion seeking an order directing the circuit court clerk to file a certified record on appeal, but that the circuit court clerk never filed the record and, as a result, his appeal was dismissed. (Doc. 6 at 3-4, 43-44.)

The docket sheets indicate that on December 15, 2009, petitioner filed a "motion requesting [] an order compelling circuit clerk to file certified record on appeal." (Id. at 44.) On December 16, 2009, the motion was granted until January 19, 2010. (Id.) The next docket entry occurred on January 27, 2010, when the Missouri Court of Appeals mailed petitioner a notice that his appeal would be dismissed unless he filed

the record on appeal no later than February 11, 2010. (Id.) On February 1, 2010, petition filed a "motion requesting clarification of court order," which the court denied. (Id. at 44-45.) On February 5, 2010, petitioner filed a motion to reconsider, which the court also denied. (Id. at 45.) On February 18, 2010, the Missouri Court of Appeals, on its own motion, dismissed petitioner's appeal for failure to comply with Missouri Supreme Court Rules 30.04(f) and 81.18 and the court's January 27, 2010 notice. (Id.)

The record is clear that petitioner's direct appeal was dismissed due to his failure to comply with the reasonable requirement of the state court of filing a record on appeal. The record is not clear, however, whether petitioner entirely bears the blame for his failure to comply with the state court rules, in that neither the terms of petitioner's motion nor the Missouri Court of Appeals' order granting petitioner's motion are contained in the record. (Id. at 43-44.) As such, the terms of petitioner's actual request and of the Missouri Court of Appeals' order are unclear. For this reason, the court bypasses the procedural-default question and addresses the merits of petitioner's petition. Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004); Stephens v. Norris, 83 F.3d 223, 224 (8th Cir. 1996).

**Merits**

Petitioner argues that the Missouri Department of Mental Health failed to prove that he currently suffers from a mental disease. Petitioner also argues that the circuit court failed to establish that he presently has a mental illness and is dangerous to himself and others. (Doc. 1 at 5-7; Doc. 16.)

Under Missouri law, the party seeking unconditional release bears the burden "to prove by clear and convincing evidence that [he] does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering [him] dangerous to the safety of himself or others." Mo. Rev. Stat. § 552.040.7(6); accord State v. Rottinghaus, 310 S.W.3d 319, 324 (Mo. Ct. App. 2010).

Petitioner's arguments are contradicted by the record. In denying his motion for unconditional or conditional release, the circuit court

concluded that petitioner suffers from post traumatic stress disorder, in remission, and that petitioner is dangerous because of his mental illness. (Doc. 6 at 9, 10.) The circuit court explained:

> [Petitioner] has failed to meet his burden of proof. At the hearing on this matter, the only testimony provided to attempt to establish that [petitioner] no longer suffers from a mental disease or defect and that he would not be dangerous to the safety of himself or others if released, was provided by [petitioner] himself. Case law has established that [petitioner] cannot be the sole witness in support of his conditional or unconditional release application. Clinical support is required.
> In addition, [petitioner]'s opinion is based on the mere assumption that his mental illness will remain in remission in the future. [Petitioner] would have this Court ignore the circumstances of his committing offenses, committed while experiencing symptoms of his mental illness and under the influence of alcohol, and now grant him an unconditional release into the community free and clear of any oversight or obligation to follow up with mental health treatment; or a conditional release, after [petitioner] has expressed to Dr. McCoy that he does not want to abide by conditions set forth and approved by the Missouri Department of Mental Health.
> Further, [petitioner] would have this Court ignore his argumentative, demanding, intimidating behavior while confined within the Department of Mental Health. He would like the Court to believe that such behaviors will cease as soon as he is unconditionally or conditionally released into the community.
> [Petitioner] has not proven that he does not have, and in the reasonable future is not likely to have [a] mental disease [or] defect rendering him dangerous to the safety of himself or others nor has he proven that he is not presently mentally ill and not dangerous.
> [Petitioner] does not have a proposed release plan that has been approved by the Department of Mental Health due to the fact that [petitioner] has been noncompliant with his treatment team, and unwilling to work through the steps necessary to achieve a conditional or unconditional release.

(Doc. 6 at 24, 25.)

To the extent petitioner challenges the factual findings of the circuit court, the circuit court's factual findings are to be presumed correct. Revels v. Sanders, 519 F.3d 734, 743 (8th Cir. 2008). To overcome the presumption of correctness, a federal habeas petitioner must present clear and convincing evidence that the circuit court's findings were erroneous. Id.; 28 U.S.C. § 2254(e)(1).

At the evidentiary hearing, the circuit court heard testimony from petitioner's treating psychiatrist, Dr. Douglas McCoy. (Doc. 6 at 30-36; Tr. 10-35.) Dr. McCoy testified, in answer to questions by petitioner's counsel, that petitioner is a danger to himself and others, and that petitioner currently suffers from post traumatic stress disorder, a mental disease:

Q: Do you consider [petitioner] a danger to himself?

A: I think he could be, yes.

Q: Do you consider [petitioner] a danger to others?

A: Yes, I think he could be.

Q: Doctor, you've answered both of those questions could be. Currently, now?

A: Yes.

Q: Do you think he is a danger to himself or others?

A: In his present situation if he were allowed in a less structured environment I think he would be a danger to himself or others.

* * *

Q: Does [petitioner] currently have a mental disease or defect?

A: Yes.

Q: What is that?

A: Post traumatic stress disorder.

Q: What is the status of his post traumatic stress disorder?

A: He currently manifest[s] no symptom of the disease so, it is called in remission.

Q: So, he is in fact in full remission?

A: Full remission means cured. He's in remission which means he's not manifesting any symptoms. Does not mean they could not come back nor that it might come back in any situation.

> Q: Is there a difference between remission and full remission?
>
> A: Yes.
>
> * * *
>
> On examination by the state's attorney, Dr. McCoy testified:
>
> Q: . . . It's still correct that [petitioner] currently has a mental disease or defect?
>
> A: Yes.

(Doc. 6 at 30, 31, 33; Tr. 12-14, 23.) Dr. McCoy also testified that petitioner suffers from a personality disorder. (Doc. 6 at 33; Tr. 22.)

Petitioner argues that a report by another psychologist, Jeffrey Kline, indicates that his post traumatic stress disorder is in full remission, and thus petitioner no longer has a mental disease or defect. (Doc. 16 at 6, 7.)

At the evidentiary hearing, petitioner's counsel questioned Dr. McCoy about this report. (Doc. 6 at 31; Tr. 16.) Dr. McCoy acknowledged that the report stated that petitioner's post traumatic stress disorder was "in full remission." (Id.) Dr. McCoy later explained, however, in answers to questions from the state's attorney:

> Q: You were asked earlier about [petitioner's] current psychiatric diagnosis?
>
> A: Yes.
>
> Q: And you mentioned that was post traumatic stress disorder; is that correct?
>
> A: That's correct[.]
>
> Q: The document you were shown I believe was marked as Exhibit 1?
>
> A: Yes.
>
> Q: It stated that [petitioner] has post traumatic stress disorder in full remission?
>
> A: Correct.
>
> Q: Do you agree with that document?

> A: I do. He is in remission, in full remission is simply nomenclature that is not typical of the psychiatric diagnoses. It's more of a descriptive term meaning that he has no symptoms at present, full meaning total. But in my mind full remission would be mean cured, which is not true. He is not cured of the illness. He still has the illness just no symptom of it at present.
>
> * * *
>
> Q: . . . And Doctor, explain what the post traumatic disorder in full remission is? It's still correct that [petitioner] currently has a mental disease or defect?
>
> A: Yes.
>
> Q: Throughout [petitioner's] hospitalization at the Department of [M]ental [H]ealth, has he been able to recognize signs and symptoms of post traumatic stress disorder?
>
> A: He has difficulty recognizing them within himself. He's been able to regurgitate the education that we provided for him but I have serious doubts about whether he actually has a good comprehension of the meaning of what we've talked about.
>
> Q: So, would it be fair to say that [petitioner] lacks insight into post traumatic stress disorder?
>
> A: I believe he does, yes.

(Doc. 6 at 32, 33; Tr. 20-23.)

Petitioner also argues that his testimony given at the evidentiary hearing supports a finding that he no longer suffers from a mental disease and is no longer dangerous to himself or others. (Doc. 6 at 37.) However, the circuit court was not required to, and was not permitted to, rely exclusively on petitioner's testimony that he no longer suffered from a mental disease and was no longer a danger. See State v. Zingre, 980 S.W.2d 355, 358 (Mo. Ct. App. 1998) ("Appellant's testimony that he did not believe he was mentally ill or that he would be dangerous if released is not proof of his entitlement to release. Appellant was not competent to diagnose himself." (citations omitted)).

To the extent petitioner relies on a transcript from a hearing held before the circuit court on December 21, 2010 regarding a subsequent

motion for conditional release (Docs. 20-1, 20-2), this transcript cannot be considered because the evidence and testimony adduced at the hearing were not before the circuit court when it adjudicated the merits of petitioner's amended motion for unconditional or conditional release; rather, review of petitioner's petition is limited to the record before the state court that adjudicated the merits of petitioner's motion. Pinholster, 131 S. Ct. at 1398; 28 U.S.C. § 2254(d)(1), (2).

In sum, petitioner has failed to present clear and convincing evidence that undermines the circuit court's findings. Furthermore, it was reasonable for the circuit court to rely on the testimony of petitioner's treating psychiatrist, Dr. McCoy, in determining that petitioner suffers from post traumatic stress disorder and is a danger to himself and others.

Therefore, Grounds 1 and 2 are without merit.

## V. RECOMMENDATION

For the reasons stated above,

**IT IS HEREBY RECOMMENDED** that the petition of Dwayne Andrews for a writ of habeas corpus (Doc. 1) be dismissed and this action be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that the motions of petitioner for summary judgment (Docs. 19, 23) be denied.

**IT IS FURTHER RECOMMENDED** that the petition of Dwayne Andrews for a writ of mandamus (Doc. 24) be denied.

The parties are advised that they have 14 days in which to file written objections to this Report and Recommendation. The failure to file timely, written objections may waive the right to appeal issues of fact.

                                                 /S/   David D. Noce
                                               **UNITED STATES MAGISTRATE JUDGE**

Signed on January 23, 2012.