UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE ANDREWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01020 ERW |
| ) | |
| H. ANDY MANNICH, ) | |
| CHIEF OPERATING OFFICER of the ) | |
| ST. LOUIS PSYCHIATRIC AND ) | |
| REHABILITATION CENTER, ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David D. Noce [ECF No. 27], pursuant to 28 U.S.C. § 636(b). Petitioner Dwayne Andrews ("Petitioner") has filed Objections [ECF No. 28] to the Report and Recommendation recommending denial of his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. As required by 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. *See also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).

**I    FACTUAL AND PROCEDURAL BACKGROUND**[1]

Petitioner is currently confined at the St. Louis Psychiatric Rehabilitation Center in the custody of the Missouri Department of Mental Health. On August 9, 2003, Petitioner fired a gun at two police officers who were called to the apartment by his family. Petitioner was charged with two counts of First-Degree Assault of a Law Enforcement Officer, pursuant to Mo. Rev. Stat. §

---

[1] Portions of the Court's recitation of the facts are taken from Magistrate Judge Noce's Report and Recommendation. The Court addresses Petitioner's factual objections below in section III.

565.081, and two counts of Armed Criminal Action, Mo. Rev. Stat. § 571.015. Later, Petitioner was evaluated for mental disease or defect. The examining physician diagnosed Petitioner with chronic post-traumatic stress disorder, a history of alcohol abuse, and a history of marijuana abuse. On June 1, 2005, the Circuit Court of the City of St. Louis, Missouri (hereinafter "circuit court") accepted Petitioner's plea of not guilty by reason of mental disease or defect and committed him to the custody of the Missouri Department of Mental Health.

On November 24, 2008, Petitioner moved for unconditional release in the circuit court. After conducting an evidentiary hearing, the circuit court denied his amended motion for unconditional release or, in the alternative, conditional release on June 24, 2009. Petitioner filed a notice of appeal with Missouri Court of Appeals. On December 10, 2009, the Missouri Court of Appeals dismissed Petitioner's appeal. On April 20, 2010, the Missouri Supreme Court denied Petitioner's application for transfer.

On June 2, 2010, Petitioner filed this petition under 28 U.S.C. § 2254 for a writ of habeas corpus [ECF No. 1]. In his petition, he sought relief on two grounds: 1) the Missouri Department of Mental Health did not prove that he suffers from a mental disease; and 2) the circuit court erroneously denied his motion for conditional or unconditional release because it failed to find that he presently suffers from a mental disease or defect that renders him dangerous to himself or others, and this failure denied him due process as recognized by *Foucha v. Louisiana*, 504 U.S. 71 (1992). ECF No. 1 at 5-6; ECF No. 16 at 2.

The Court referred the case to Magistrate Judge Noce [ECF No. 8], and he recommended that Petitioner's petition be dismissed with prejudice [ECF No. 27]. Specifically, Magistrate Judge Noce found that the record refuted Petitioner's claims in that the circuit judge concluded that Petitioner suffers from post-traumatic stress disorder, which is in remission, and this mental disease makes him

dangerous to himself and others. ECF No. 27 at 5-6. Petitioner timely filed objections [ECF No. 28].

## II. LEGAL STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotations omitted); *see also Yanez v. Minnesota*, 562 F.3d 958, 962 (8th Cir. 2009) ("A state court decision is contrary to clearly established Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or . . . decides a case differently than the Court has on a set of materially indistinguishable facts.") (internal quotations and citations omitted). Under § 2254(d)(2), a state court decision is based on an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004) (internal citations omitted). A state court's determination

regarding a defendant's competency is a factual determination entitled to § 2254(e)(1)'s presumption of correctness. *Elam v. Denney*, 662 F.3d 1059, 1064 (8th Cir. 2011).

## III. DISCUSSION

Petitioner objects to the Report and Recommendation's conclusion that his two grounds for habeas relief are contradicted by the record. Specifically, he contends that 1) the Missouri Department of Mental Health did not prove that he suffers from a mental disease; and 2) the circuit court erroneously denied his motion for conditional or unconditional release because it failed to find that he presently suffers from a mental disease or defect that renders him dangerous to himself or others, and this failure denied him due process as recognized by *Foucha v. Louisiana*, 504 U.S. 71 (1992). A pro se petitioner's pleadings will be construed liberally. *Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009). Therefore, the Court has made some logical inferences from Petitioner's filings in interpreting the body of his due process argument.

Petitioner also raises two arguments in his objections that were not in his petition. He contends that the circuit court did not consider the factors of Missouri Revised Statutes § 552.040.12(1)-(6) before denying his petition for conditional or unconditional release. He also asserts that the Court should consider evidence not before the circuit court during the 2009 release proceedings.

Petitioner's claims primarily fall under § 2254(d)(2) and require this Court to determine if the circuit court's decision was an unreasonable determination of the facts in light of the evidence before that court. His claim regarding the circuit court's alleged misapplication of *Foucha v. Louisiana* also falls under § 2254(d)(1). The Court will conduct a de novo review on all of Petitioner's claims. *Lothridge*, 324 F.3d at 600 (8th Cir. 2003).

4

### A. *Missouri Law Regarding Conditional and Unconditional Release*

Recently, the Eighth Circuit succinctly summarized Missouri's law governing conditional and unconditional release:

> Under [Missouri Revised Statutes] section 552.040, a committed person can petition for either conditional or unconditional release. Conditional release is for a limited duration and is qualified by reasonable conditions. *See* § 552.040.10(3). To obtain conditional release a petitioner must prove, by clear and convincing evidence, that he "is not likely to be dangerous to others while on conditional release." § 552.040.12(6). "[A] conditional release implies that despite a mental disease or disorder, [the committed person is] eligible for limited freedom from a mental health facility, subject to certain conditions." *Greeno v. State*, 59 S.W.3d 500, 504 (Mo. banc 2001). Unconditional release, by contrast, can be granted only if the petitioner shows "by clear and convincing evidence that [he] . . . does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering [him] dangerous to the safety of himself or others." § 552.040.7.

*Grass v. Reitz*, 643 F.3d 579, 581 (8th Cir. 2011) (some alterations in original). Thus, Missouri places the burden on the insanity acquittee to prove he or she qualifies for conditional or unconditional release by clear and convincing evidence.[2] *Id.*; Mo. Rev. Stat. 552.040.7(6) & 552.040.12(6); *State v. Rottinghaus*, 310 S.W.3d 319, 324 (Mo. Ct. App. 2010). Clear and convincing evidence is "evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition so that the court is left with the abiding conviction that the evidence is true." *Greeno*, 59 S.W.3d at 505 (internal citations omitted).

When an individual is acquitted by reason of mental disease or defect for a dangerous felony, in order to grant conditional or unconditional release, the court also must find that the individual "is

---

[2] In Missouri, when the circuit court accepts the Defendant's plea of not guilty by reason of mental disease or defect, the defendant is deemed acquitted of the charges on the ground of mental disease or defect excluding responsibility. *Taylor v. State*, 262 S.W.3d 231, 238 (Mo. banc 2008) ("If defendant succeeds on his affirmative defense, he is absolved of criminal responsibility."). Thus, a Defendant's success in arguing that he or she is not guilty by reason of mental disease or defect effectively acquits the Defendant of the charged crime. Those individuals are commonly referred to as "insanity acquittees." *See Grass*, 643 F.3d at 581; *State v. Revels*, 13 S.W.3d 293, 294 (Mo. banc 2000).

not now and is not likely in the reasonable future to commit another violent crime" and "is aware of the nature of the violent crime committed . . . and presently possesses the capacity to appreciate the criminality of the violent crime . . . and . . . to conform [his or her] conduct to the requirements of law in the future." Mo. Rev. Stat. § 552.040.20. The denial of a petition for either conditional or unconditional release is "without prejudice to the filing of another application after the expiration of one year." § 552.040.13, 8.

**B.     *The Circuit Court's Decision Was Not an Unreasonable Determination of the Facts***

Petitioner claims that Magistrate Judge Noce erred by finding that his two grounds for habeas relief are contradicted by the record. The record shows that Petitioner's claims are refuted by the record. The circuit court's decision was not an unreasonable determination of the facts.

### *1. Missouri Law Places the Burden of Proof on Petitioner*

Petitioner claims that the Department of Mental Health did not prove that he has a mental illness. As stated above, Missouri law places the burden of proof on the individual petitioning for conditional or unconditional release. *Grass*, 643 F.3d at 581 (citing Mo. Rev. Stat. 552.040). Therefore, the Department did not have a burden to carry in this proceeding. Petitioner's first claim for relief is without merit. Moreover, as described below, the circuit court did find that Petitioner has a mental illness.

### *2. The Record Supports the Circuit Court's Finding that Petitioner Has a Mental Illness and Is Dangerous to Himself or Others*

Petitioner claims that the circuit court erroneously denied his motion for conditional or unconditional release because it failed to find that he presently suffers from a mental disease or defect that renders him dangerous to himself or others. This record shows that circuit court did make these findings and that such a finding was a reasonable determination of the facts.

The circuit court found that Dr. McCoy "acknowledged that Mr. Andrews has a mental illness, specifically Posttraumatic Stress Disorder, in remission." June 30, 2009 J., ECF No. 6 at 9. This conclusion is a reasonable determination of the facts that were before the circuit court. Dr. McCoy testified to the following:

> Q. Do you consider Mr. Andrews a danger to himself?
> A. I think he could be, yes.
> Q. Do you consider Mr. Andrews a danger to others?
> A. Yes, I think he could be.
> Q. Doctor, you've answered both of those questions could be. Currently, now?
> A. Yes.
>
> * * *
>
> Q. Does Mr. Andrews currently have a mental disease or defect?
> A. Yes.
> Q. What is that?
> A. Posttraumatic stress disorder.
> Q. What is the status of his posttraumatic stress disorder?
> A. He currently manifests no symptoms of the disease so, it is called in remission.
> Q. So, he is in fact in full remission?
> A. Full remission means cured. He's in remission which means he's not manifesting any symptoms. Does not mean that they could not come back or nor [sic] that it might come back in any situation.
> Q. Is there a difference between remission and full remission?
> A. Yes.

June 4, 2009 Hr'g Tr. 12-14; ECF No. 6 at 30- 31. When confronted with another doctor's report about Petitioner's condition on cross-examination, Dr. McCoy testified:

> Q. The document you were shown I believe was marked Exhibit 1?
> A. Yes.
> Q. It stated that Mr. Andrews has posttraumatic stress disorder in full remission?
> A. Correct.
> Q. Do you agree with that document?
> A. I do. He is in remission, in full remission is simply nomenclature that is not typical of the psychiatric diagnoses. It's more of a descriptive term meaning that he has no symptoms at present, full meaning total. But in my mind full remission would mean cures, which is not true. *He is not cured of the illness. He still has the illness just no symptom of it at present*.

June 4, 2009 Hr'g Tr. 20-21; ECF No. 6 at 32-33. (Emphasis added). Petitioner's argument essentially comes down to psychiatric semantics and the meaning of "full remission" and its implication on the state of Petitioner's mental illness. Dr. McCoy's testimony recognizes that Petitioner is diagnosed with Post-traumatic Stress Disorder, but he is not symptomatic. Dr. McCoy does not state that a lack of symptoms means that the patient is not suffering from a mental illness. Dr. McCoy's emphatically states that Petitioner is currently suffering from mental illness and a danger to himself or others. Therefore, it was a reasonable determination of the facts for the circuit court to find that Petitioner was currently suffering from mental illness and presented a danger to himself or others.[3]

### C. *The Circuit Court's Decision Was Not Contrary to Established Federal Law*

Petitioner contends that in light of *Foucha v. Louisiana*, 504 U.S. 71 (1992), the circuit court was required to grant his conditional or unconditional release because the evidence showed that he no longer suffers from mental illness. He claims that because his treating psychiatrist, Dr. Douglas McCoy, testified that he is in remission, he currently does not suffer from a mental illness and his confinement violates his due process rights as recognized in *Foucha*.

*Foucha* holds that the continued confinement of an insanity acquittee is constitutionally permissible only if there is a determination that the insanity acquittee *currently* is both suffering from a mental disease or defect and presents a danger to himself or others if released. *Id*. at 78. "Thus, an application for release of an insanity acquittee has two components: (a) a present mental illness and (b) dangerousness stemming from that illness." *Revels v. Sanders*, 519 F.3d 734, 741 (8th Cir.

---

[3] It should be noted that Petitioner did not have any other treating psychiatrist testify on his behalf. Under Missouri law, Petitioner's assertions of his sanity are not sufficient to prove his entitlement to conditional or unconditional release. *See State ex rel. Hoover v. Bloom*, 461 S.W.2d 841, 842 (Mo. banc 1971).

2008). In *Foucha*, a Louisiana statute allowed an insanity acquittee, who was no longer mentally ill, but was a danger to himself and others, to be indefinitely confined at a mental health facility. *Foucha*, 504 U.S. at 73. Louisiana's law violated due process because it allowed the state to confine an insanity acquittee absent a finding of present mental illness. *Id*. at 77.

Petitioner's case is distinguishable from *Foucha*. Here, the circuit court expressly found that "the State and Department of Mental Health[ ] have not conceded that [Petitioner] no longer suffers from a mental disease or defect." June 30, 2009 J., ECF No. 6 at 9. Moreover, the circuit court found that Dr. McCoy "acknowledged that Mr. Andrews has a mental illness, specifically Posttraumatic Stress Disorder, in remission." *Id*. Thus, the circuit court found that Petitioner suffers from a present mental illness or defect and *Foucha* does not apply.

### D. *The Circuit Court's Examination of the Section 552.040.12*

For the first time in Petitioner's objections to the Report and Recommendation, he contends that the circuit court failed to consider the factors of Missouri Revised Statutes § 552.040.12(1)-(6). Habeas review under § 2254 is narrow and "federal courts are constrained by the [statute] to exercise only a 'limited and deferential review of underlying state court decisions.'" *Osborne*, 411 F.3d at 914 (quoting *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003)). Petitioner's contention does not state a claim cognizable under § 2254 in that it questions the circuit's application of state law and does not raise a constitutional question. Comity and federalism forbid this Court from inquiring further.[4] *Id*.

---

[4] Missouri Revised Statute § 552.040 does not require a court to make specific written findings when denying an unconditional or conditional release, unless a party requests written findings in accordance with Missouri Supreme Court Rule 73.01(c). *Greeno v. State*, 59 S.W.3d 500, 503 (Mo. banc 2001); *State v. Halbrook*, 18 S.W.3d 523, 525 (Mo. Ct. App. 2000). "In the absence of such a request, all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Greeno*, 59 S.W.3d at 504. The circuit court specifically listed these factors in its order. June 30, 2009 Judgment, ECF

9

### E. Only Evidence Presented to the Circuit Court Will Be Considered

Petitioner also argues that testimony from his 2010 conditional release hearing [ECF No. 17] should have been considered by Magistrate Judge Noce even though that testimony was not apart of the 2009 conditional release proceedings. Habeas review is limited to whether the circuit court's decision is contrary to or an unreasonable application of clearly established federal law or was "based on an unreasonable determination of the facts in light of the evidence *presented in the State court proceeding.*" 28 U.S.C. § 2254(d)(1)-(2) (emphasis added). Those exhibits and testimony were not presented to the circuit court because that testimony is evidence from a distinct conditional release proceeding. Thus, it was proper for Magistrate Judge Noce to disregard this evidence. Moreover, this Court will not consider this evidence.[5]

## IV. CONCLUSION

Petitioner's Objections to Magistrate Judge Noce's Report and Recommendation fail to establish error, and Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody will therefore be denied without an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that

---

No. 6 at 7-8. Therefore, under Missouri law, a reviewing court may conclude that the circuit court considered and found the findings required by statute.

[5] The Court reiterates that it is constained by the evidence that was before the circuit court at the time of 2009 conditional release proceeding. Had Dr. Flynn testified at the 2009 hearing, this Court would be presented with a different set of facts to consider. That testimony could create a direct conflict with Dr. McCoy's testimony, which would require this Court to conduct an evidentiary hearing on the matter.

the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in his Petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2254 Petition.

**IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment [ECF No. 19, 23] is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of mandamus [ECF No. 24] is **DENIED as MOOT**.

Dated this  13th  day of March, 2012.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE